1  MARTIN R. GLICK (No. 40187)
   JEFFREY E. FAUCETTE (No. 193066)
2  ROBERT T. CRUZEN (No. 203658)
   HOWARD RICE NEMEROVSKI CANADY
3        FALK & RABKIN
   A Professional Corporation
4  Three Embarcadero Center, 7th Floor
   San Francisco, California  94111-4024
5  Telephone:   415/434-1600
   Facsimile:   415/217-5910
6
   Attorneys for Plaintiff
7  HEWLETT-PACKARD COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| HEWLETT PACKARD COMPANY, a Delaware Corporation, | No. C 05 01238 CW |
| Plaintiff, | CONSENT JUDGMENT AND PERMANENT INJUNCTION |
| v. | |
| GERALD CHAMALES CORP., a California corporation, doing business as RHINOTEK COMPUTER PRODUCTS, INC. and also doing business as OMNI COMPUTER PRODUCTS, | |
| Defendant. | |

In this action for false advertising and unfair competition against Defendant Defendant Gerald Chamales Corp. ("Defendant"), Plaintiff Hewlett-Packard Company seeks permanent injunctive relief, actual damages, and attorney's fees.  This Court has jurisdiction over the subject matter of the action and over the parties.

The parties have agreed to entry of this Consent Judgment and Permanent Injunction in compromise of their respective claims and defenses in this action.  Good cause appearing therefor,

IT IS HEREBY ADJUDGED, DECLARED AND ORDERED THAT:

1.  Effective December 1, 2005, Defendant, including its shareholders, officers, owners, agents, parents, subsidiaries, employees and all persons acting or claiming to act on its behalf, under its direction or authority, and all persons acting or claiming to act in concert or in participation with them or any of them, are permanently enjoined from selling, offering for sale, or otherwise distributing spent or used HP inkjet cartridges that have been refilled (hereinafter "Rhinotek Inkjet Products") unless the Consumer Disclosure (as defined below) is prominently and legibly displayed on the front-most panel of each Rhinotek Inkjet Product's outer packaging, and on any associated advertising and sales materials.

   a.  The Consumer Disclosures are "Used Cartridge," "Refilled Cartridge" or "Recycled Cartridge." Rhinotek will not add any other words, symbols, or numbers to the Consumer Disclosure.

   b.  The Consumer Disclosure must be no smaller than one-eighth of an inch in height and two inches in width.

   c.  The Consumer Disclosure must be the uppermost text on the front face of the package, excepting that Rhinotek may elect to place the phrase "100% GUARANTEED" above the Consumer Disclosure in the same or a smaller size.

   d.  The Consumer Disclosure must appear in solid black print against a sharply contrasting background.

   e.  The Consumer Disclosure on the package must be surrounded by adequate clear space of at least one-eighth of an inch on all sides.

2.  Effective September 14, 2005, Rhinotek will not order any packaging or promotional materials that do not bear a Consumer Disclosure as described herein.

3.  For avoidance of doubt, nothing herein restricts the subsequent sale or distribution of Rhinotek Inkjet Products that Rhinotek has placed in the channel (e.g., Ingram Micro) prior to December 1, 2005.

4.  Effective December 1, 2005, Defendant, including its shareholders, officers, owners, agents, parents, subsidiaries, employees and all persons acting or claiming to act on its behalf, under its direction or authority, and all persons acting or claiming to act in concert or in participation with them or any of them, are permanently enjoined from use of the phrase "Heavy Duty" in connection with the Rhinotek Inkjet Products except as part of the logo depicted below which may appear on the Rhinotek Inkjet Products packaging:



5.  Effective December 1, 2005, Defendant, including its shareholders, officers, owners, agents, parents, subsidiaries, employees and all persons acting or claiming to act on its behalf, under its direction or authority, and all persons acting or claiming to act in concert or in participation with them or any of them, are permanently enjoined from increasing the size and visual impact of the largest package reference to HP or HP products on its inkjet packaging unless the size and visual impact of the Consumer Disclosure are increased proportionately.

6.  Defendant, including its shareholders, officers, owners, agents, parents, subsidiaries, employees and all persons acting or claiming to act on its behalf, under its direction or authority, and all persons acting or claiming to act in concert or in participation with them or any of them, are permanently enjoined from using on its Rhinotek Inkjet Product's outer packaging and on any associated advertising and sales materials the term "manufacturing" or the phrase "manufactured with recycled components," or similar terms or phrases to describe the process of cleaning, testing and refilling an HP inkjet cartridge.

DATED: October 11, 2005

/s/ CLAUDIA WILKEN

_____
HON. CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

IT IS AGREED that this Consent Judgment and Permanent Injunction may be entered as a final determination between the Parties in this Action.

DATED: October __, 2005.

MARTIN R. GLICK
JEFFREY E. FAUCETTE
ROBERT T. CRUZEN
HOWARD RICE NEMEROVSKI CANADY
   FALK & RABKIN
A Professional Corporation

By: _____
        MARTIN R. GLICK

Attorneys for Plaintiff HEWLETT-PACKARD COMPANY


STEVEN A. LAMB
MARC J. SHRAKE
STEPHANIE R. LEWIS
ZELLE, HOFMANN, VOELBEL, MASON & GETTE LLP


By: _____
        STEVEN A. LAMB

Attorneys for Defendant GERALD CHAMALES CORP., a California corporation, doing business as RHINOTEK COMPUTER PRODUCTS, INC. and also doing business as OMNI COMPUTER PRODUCTS